UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

STATE OF NEW YORK, by
ATTORNEY GENERAL ANDREW M. CUOMO,

STATE OF ILLINOIS, by
ATTORNEY GENERAL LISA MADIGAN,

STATE OF MICHIGAN, by
ATTORNEY GENERAL MIKE COX,

                        Plaintiffs,

               v.

HERMAN MILLER, INC.,

                        Defendant.

-----------------------------------------------------------------x

08 CV 02977

MEMO ENDORSED as modified (¶¶11+12)

~~PROPOSED~~ STIPULATED FINAL JUDGMENT AND CONSENT DECREE

Civ. No. 08 Civ. 2977

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/08

## ~~PROPOSED~~ STIPULATED FINAL JUDGMENT AND CONSENT DECREE

This Proposed Stipulated Final Judgment and Consent Decree is based on an investigation conducted by the States of New York, Illinois, and Michigan (the "Plaintiff States") into possible resale price maintenance and other antitrust violations by Herman Miller, Inc.'s ("Herman Miller") Herman Miller for the Home division ("HMH"), which from 2002 to 2005 accounted for less than 2% of Herman Miller's total consolidated annual revenues. The Plaintiff States have filed a Complaint for monetary and injunctive relief on their own behalf, against Defendant Herman Miller, alleging that between

January 1, 2002 and December 31, 2005, HMH and several of its Dealers agreed to offer HMH Furniture to consumers at prices not below HMH's MSRP, and other conduct in violation of federal and state antitrust laws. Herman Miller does not admit or deny liability or wrongdoing.

The Parties desire to resolve any and all disputes arising from the matters alleged in the Complaint. Without any admission or denial of liability or wrongdoing and to avoid the additional burden and expense of continued litigation, Herman Miller has consented and agreed to the entry of this Proposed Stipulated Final Judgment and Consent Decree.

NOW, THEREFORE, without trial or adjudication of any issue of law or fact, before the taking of any testimony at trial, without the admission or denial of liability or wrongdoing by Herman Miller and upon the consent of the Parties,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

I

**JURISDICTION**

The Court has jurisdiction over the subject matter of this action and the Parties. The Complaint raises claims against Herman Miller under Section 1 of the Sherman Act (15 U.S.C. § 1 ), and Section 16 of the Clayton Act (15 U.S.C. § 26). Jurisdiction lies in this Court pursuant to 28 U.S.C. §§ 1331 and 1337. The Complaint also raises supplemental state law claims.

II

**DEFINITIONS**

As used in this Final Judgment and Consent Decree:

A. "Agreement" means any agreement, combination, or contract between Herman Miller and another party, and any understanding, promise, or condition to which assent has been sought by Herman Miller. Agreement embraces all of the foregoing, whether written or oral, express or implied.

B. "Cooperative Advertising or Other Promotional Funds" means any payment, rebate, charge-back or other consideration provided to a Dealer by Herman Miller in exchange for any type of advertising, promotion, or marketing efforts by that Dealer on behalf of Herman Miller, including any advertising, promotion, or marketing efforts by Herman Miller on behalf of one or more Dealers. Cooperative advertising includes, but is not limited to, free goods provided by Herman Miller to a Dealer, and any payments for newspaper advertisements, radio and television advertisements, Internet advertisements, posters and signs within a Dealer's retail store, pricing or positioning of HMH Furniture within a Dealer's retail store, and point-of-purchase merchandising.

C. "Dealer" means any person, corporation, or firm not owned by Herman Miller that in the course of its business purchases for resale HMH Furniture.

D. "Herman Miller" means Herman Miller, Inc. and all of its successors, assigns, parents, subsidiaries, divisions, officers, directors, employees, agents, representatives, related or affiliated entities, and any other person acting on its behalf.

E. "HMH" means the Herman Miller for the Home division of Herman Miller and specifically excludes any other division of Herman Miller.

F.   "HMH Furniture" means any furniture manufactured by Herman Miller and sold by HMH.

G.   "MSRP" means any minimum advertised price ("MAP") or minimum suggested retail price ("MSRP") related to HMH Furniture.

H.   "Parties" means Herman Miller and the Plaintiff States.

I.   "Plaintiffs" or "Plaintiff States" means the States of New York, Illinois, and Michigan.

J.   "Represent" means to assure, express, imply, represent, or engage in an act intended to communicate assurance, under circumstances where such communication or act has been sought by Herman Miller as an indication or sign of assent.

K.   "Resale Price" means any price, price floor, price range or any markup formula or margin of profit used by any Dealer for pricing HMH Furniture, or used by any person to sell HMH Furniture to end-user consumers.

L.   "Reserved Bid" means any Internet auction in which the seller determines the lowest price at which an item can be sold.

### III

### APPLICABILITY AND TERM

This Stipulated Final Judgment and Consent Decree shall apply to the Parties, and unless otherwise stated shall be in effect to and including December 31, 2010.

### IV

### INJUNCTION AGAINST PROHIBITED CONDUCT

Herman Miller is hereby enjoined for a period from the date of this Stipulated Final Judgment and Consent Decree to and including December 31, 2010, as follows:

5

A.  Herman Miller shall not enter into any Agreement with any Dealer to fix, raise, peg, maintain, or stabilize the Resale Price at which HMH Furniture is advertised, promoted, offered for sale, or sold to end-user consumers.

B.  Herman Miller shall not facilitate or attempt to facilitate any Agreement among Dealers to fix, raise, peg, maintain, or stabilize the Resale Price at which HMH Furniture is advertised, promoted, offered for sale, or sold to end-user consumers.

C.  Herman Miller shall not communicate the Resale Price of any Dealer to any other Dealer.

D.  Herman Miller shall not terminate, suspend, or fail to fill orders of any Dealer or reduce the supply of or discriminate in delivery, credit, or other terms provided to any Dealer to secure or attempt to secure any commitment or assurance from any Dealer, or to coerce said Dealer, to adhere to any of Herman Miller's MSRP. Notwithstanding the foregoing, Herman Miller retains the unilateral right to terminate, suspend, or fail to fill orders of any dealer or reduce the supply of or discriminate in delivery, credit, or other terms provided to any Dealer for lawful business reasons that are not inconsistent with this or any other paragraph of this Final Judgment and Consent Decree.

E.  Herman Miller shall not refuse to sell any particular HMH product to any Dealer in connection with Herman Miller's MSRP under circumstances in which Herman Miller communicates that Herman Miller's action is subject to reconsideration within less than one (1) year from the date that Herman Miller took the initial action.

F.  Herman Miller shall not require Dealers to obtain Herman Miller's permission to deviate from any MSRP for print or electronic media.

G.  Herman Miller shall not make the receipt of any Cooperative Advertising or Other Promotional Funds contingent upon adherence or compliance to any Herman Miller MSRP.

H.  Herman Miller shall not require Dealers to obtain Herman Miller's prior approval before submitting Reserve Bids on any Internet auction website.

I.  Herman Miller shall not coerce or attempt to coerce any Dealer to make any Agreement or Representation, or to do any act prohibited by this Decree, by communication or action to terminate, or otherwise adversely affect, a Dealer's orders of HMH Furniture.

J.  Herman Miller shall not adopt, maintain, enforce, or threaten to enforce any policy, practice, or plan which requires any Dealer to submit proposed advertisements of HMH Furniture containing price terms for Herman Miller's approval.

K.  Herman Miller shall notify Dealers that it is their right to determine independently the prices at which they will advertise and sell HMH Furniture to end-user consumers. Herman Miller shall provide this notice by affixing a notice of disclosure (the "Disclosure") to every list of MSRP for any HMH Furniture printed subsequent to the date of entry of this Judgment and provided to Dealers. The Disclosure shall clearly and conspicuously state the following on any list, advertising, book catalogue, or promotional material for HMH Furniture where Herman Miller has any MSRP to any Dealer:

RETAILERS ARE ALWAYS FREE, HOWEVER, TO ADVERTISE AND SELL HERMAN MILLER FOR THE HOME PRODUCTS AT WHATEVER PRICE YOU WANT.

L.   This Final Judgment and Consent Decree shall not be construed in any way to limit the right of Herman Miller to announce the conditions on which it will do business with its Dealers and to unilaterally cease to do business with any Dealer who does not adhere to those conditions, provided that, in doing so, Herman Miller does not violate any provisions of (1) this Final Judgment and Consent Decree, or (2) of any federal or state law.

V

**MONETARY PAYMENT**

No later than four business days after receiving the Payment Information (defined below), Herman Miller shall pay the sum of $750,000.00 to the Plaintiff States (the "Payment") under the following terms and conditions:

A.   The Payment must be made by wire transfer or ACH transfer made payable and delivered as directed by the Plaintiff States. The Plaintiff States shall advise undersigned counsel for Herman Miller in writing of the information necessary for Herman Miller to effectuate wire transfer or ACH transfer within three business days after signing this Stipulated Final Judgment and Consent Decree by the parties ("Payment Information"). Herman Miller shall have no dominion, control, or title to the Payment. The Payment shall be used by the Attorney General of each Plaintiff State at his/her sole discretion according to the terms of this Final Order. The Attorney General of each Plaintiff State shall use these funds consistent with his/her state laws for any of the following purposes:

      1.) antitrust or consumer protection law enforcement;

      2.) deposit into a state antitrust or consumer protection revolving fund;

      3.) payment of attorneys' fees and costs; or

      4.) as otherwise provided by state law.

All funds paid to the Plaintiff States pursuant to this Final Order shall be deposited into accounts administered by the Plaintiff States or their agent(s).

B.    Herman Miller shall have no right to challenge the Plaintiff States' distribution of the Payment. Herman Miller shall have no right to contest the manner in which the funds are utilized.

## VI

## OTHER OBLIGATIONS

A.    Herman Miller shall keep detailed written records, on a monthly basis, in a form approved by the Plaintiff States, as to each HMH Furniture model being offered for sale, the amount shipped during the period, the amount of any forecast or advanced commitment (if available), the amount actually ordered by each customer, and the amount which Herman Miller has on order for future production. All letters, memoranda or other communications and records relating to any allocation of HMH Furniture (other than identical copies) shall be retained and a file of all such documents shall be maintained by Herman Miller's chief legal officer to and including December 31, 2010.

B.     The Attorneys General of the States of New York, Illinois, and Michigan may provide any information they receive pursuant to this Decree to any other law enforcement agency, including but not limited to any other State Attorney General.

## VII

## COMPLIANCE

For purposes of determining and securing compliance with this Stipulated Final Judgment and Consent Decree, duly authorized representatives of the Plaintiff States shall be permitted upon thirty (30) days prior written notice:

A.     Reasonable access during normal office hours to any and all relevant and non-privileged records and documents in the possession, custody, or control of Herman Miller which relate to any of the matters contained herein.

B.     Subject to the reasonable convenience of Herman Miller to conduct interviews of any of the directors, officers, employees, agents, and any other persons acting on their behalf, each of whom may have counsel present, relating to any non-privileged matter contained herein.

C.     Herman Miller retains the right to object to any request under paragraphs (a) or (b) above within 10 days after its receipt on the grounds that the request is not reasonable or not relevant to the matters contained herein, or otherwise is not in accordance with law. Any such objection shall be directed to this Court for a ruling, with service by mail of the objection upon the States of New York, Illinois, and Michigan.

D.     If the Attorney General of any Plaintiff State determines that Herman Miller has violated the terms of this Stipulated Final Judgment and Consent

9

Decree, he or she shall give Herman Miller written notice of the violation and Herman Miller shall have 20 days to respond in writing. If the State is not satisfied with Herman Miller's response, it shall notify Herman Miller in writing, and Herman Miller shall have 20 days to cure such non-compliance. If after such time Herman Miller has not cured the violation to the State's satisfaction, the State may apply to the Court for relief, including a finding of contempt.

## VIII

## FINALITY OF JUDGMENT

The Court finds that this Stipulated Final Judgment and Consent Decree adjudicates all the claims, rights and liabilities of the parties, and is final and shall be immediately appealable. This Stipulated Final Judgment and Consent Decree shall not constitute any evidence or admission of liability by Herman Miller, nor shall it be offered in evidence or used for any other purpose in this or any other matter or proceeding other than as may be necessary to consummate or enforce the terms of this Stipulated Final Judgment and Consent Decree.

## IX

## JURISDICTION RETAINED

Without affecting the finality of this Stipulated Final Judgment and Consent Decree, jurisdiction shall be retained by this Court for the purpose of enabling any party to apply for such further orders and directions as may be necessary or appropriate for the construction or enforcement of this Stipulated Final Judgment and Consent Decree, the ruling upon any objection made pursuant to Section VII, the modification of any provision of this Judgment to the extent such modification is permitted, and the remedy

of a violation of any provision contained herein.  This Court shall have the authority to [+duration *RMB*] specifically enforce the provisions of this Stipulated Final Judgment and Consent Decree.

Unless otherwise ordered for good cause shown, this Stipulated Final Judgment and Consent Decree shall automatically terminate without any action by either party or the Court on December 31, 2010. THE CLERK TO CLOSE THIS CASE. THE CONFERENCE ON 4/25/08 IS VACATED.

So ordered this 25th day of March, 2008.

*RMB*

_____
UNITED STATES DISTRICT COURT

*Richard M. Berman*

By consent of the Parties:

_____
Joel M. Mitnick
Sidley Austin LLP
Counsel for Defendant Herman Miller, Inc.

_____
Robert L. Hubbard
Director of Litigation    3/21/08
Antitrust Bureau
Office of the New York Attorney General

_____
Robert W. Pratt
Chief, Antitrust Bureau
Office of the Illinois Attorney General

_____
Suzan Sanford
Assistant Attorney General
Office of the Michigan Attorney General

12

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #: ( )

Dear Litigant,

    Enclosed is a copy of the judgment entered in your case.

    Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

    If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

    The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

    The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

J. Michael McMahon, Clerk of Court

by: _____

, Deputy Clerk

APPEAL FORMS
Docket Support Unit

Revised: April 9, 2006

United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------------X
                                          |
                                          |        NOTICE OF APPEAL
                                          |
         -V-                              |
                                          |        civ.        (   )
                                          |
------------------------------------------X
```

Notice is hereby given that _____
                                         (party)
hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]

entered in this action on the _____ day of _____ , _____ .
                               (day)           (month)          (year)

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____    (   ) _____-_____
                               (Telephone Number)

**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

**APPEAL FORMS**

Docket Support Unit

Revised: April 9, 2006

FORM 1

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
--------------------------------------X
                                      |
                                      |   MOTION FOR EXTENSION OF TIME
                                      |   TO FILE A NOTICE OF APPEAL
          -V-                         |
                                      |
                                      |        civ.         (   )
                                      |
--------------------------------------X
```

Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully
(party)

requests leave to file the within notice of appeal out of time. _____
(party)

desires to appeal the judgment in this action entered on _____ but failed to file a
(day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]




_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____   (   )_____-_____
(Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be received in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS
Docket Support Unit

Revised: April 9, 2006

FORM 2

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------X
                                    |
                                    |    NOTICE OF APPEAL
                                    |          AND
            -v-                     |    MOTION FOR EXTENSION OF TIME
                                    |
                                    |    civ.         (    )
                                    |
------------------------------------X
```

1. Notice is hereby given that _____ hereby appeals to
                                            (party)

the United States Court of Appeals for the Second Circuit from the judgment entered on _____.
[Give a description of the judgment]

2. In the event that this form was not received in the Clerk's office within the required time

_____ respectfully requests the court to grant an extension of time in
         (party)

accordance with Fed. R. App. P. 4(a)(5).

   a. In support of this request, _____ states that
                                                    (party)

this Court's judgment was received on _____ and that this form was mailed to the
                                           (date)

court on _____.
              (date)

                                                  _____
                                                  (Signature)

                                                  _____
                                                  (Address)

                                                  _____
                                                  (City, State and Zip Code)

Date: _____                       (    ) _____-_____
                                               (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS
Docket Support Unit

Revised: April 9, 2006

FORM 3

# United States District Court
## Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

_____X

-V-

_____X

**AFFIRMATION OF SERVICE**

civ.            (    )

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____

Date: _____
      New York, New York

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

APPEAL FORMS

Docket Support Unit

Revised: April 9, 2006